WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Ricardo Guzman-Ovares,<br><br>　　　　　Petitioner,<br>v.<br><br>United States of America,<br><br>　　　　　Respondent.<br>_____ | CR 04-463 TUC-DCB<br>CV 05-622 TUC-DCB<br><br><br>**ORDER** |

　　　　Pending before this Court is Ricardo Guzman-Ovares' ("Petitioner") "Motion to Vacate, Set Aside or Correct Sentence . . . (28 U.S.C. § 2255)" ("habeas Petition"), filed on October 17, 2005. The Petition is denied for the reasons explained below.

　　　　Defendant plead guilty on April 12, 2005, to a violation of 8 U.S.C. 1326(b)(2), illegal re-entry after deportation. Defendant was sentenced on June 21, 2005, to 52 months in prison, three years of supervised release, and a $100 fine. Defendant filed a Notice of Appeal on June 28, 2005. He filed this habeas Petition on October 17, 2005.

　　　　"In the usual circumstance, 'the filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Gatto*, 763 F.2d 1040, 1049 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001); *cf.*, *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1992) (filing a notice of appeal divests the district court of its power to correct an illegal sentence under Fed. R. Crim. P. 35(a)). The filing of the Notice of Appeal by the Defendant on June 28, 2005, divested this Court

of jurisdiction over Petitioner's later filed habeas Petition.  This Court lacks jurisdiction to rule on any matters involved in the direct appeal, and so dismisses the habeas Petition. Once the appellate mandate issues, this Court will again entertain post-judgment motions.

**Accordingly,**

**IT IS ORDERED** that the habeas Petition is dismissed for lack of jurisdiction, without prejudice to its being re-urged pending the appeal.

**IT IS FURTHER ORDERED** that the Petitioner may re-file the motion subsequent to remand of this matter from the Ninth Circuit Court of Appeals.

**IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. . . (document 48) filed in CR 04-463 TUC DCB and (Document 1) filed in CV 05-622 TUC DCB is DENIED.

**IT IS FURTHER ORDERED** that Civil case number CV 05-622 TUC-DCB is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

DATED this 9th day of November, 2005.

David C. Bury
United States District Judge